LEVI BOUTWELL v. JOSEPH F. McCLURE, *Trustee of* WILLIAM
F. McCLURE, AND WALTER CARPENTER, *Claimant.*

### *Trustee process.   Claimant.   Sale.*

A. being embarrassed, and fearful that certain personal property he owned
would be attached by his creditors, and desiring that it should be made
available to B. for the latter's liability as his surety upon two promissory
notes, on B's suggestion an arrangement was made between A., B. and C.,
whereby B. executed to C. a bill of sale of the property and took to himself,
C.'s promissory note for its agreed value, his only purpose being to secure
himself for his liability for A., and having no intent to defraud A's credit-
ors. C. took possession of the property and used it as his own. The notes
on which B. was surety for A. were afterwards paid, and A. and B. had a
settlement of their affairs, in which, among other property, A. assigned to
B. his interest in the note taken of C. Subsequently to the above transac-
tion a creditor of A. sought to charge C. as A's trustee for the property in
question, and cited in B. as claimant ; *Held,* that the sale to C. being made in
good faith, with the consent of A., the owner, and for the lawful purpose of
securing the proceeds to B. on account of his liability as A's surety, passed the
title to C. as perfectly as if A. himself had signed the bill of sale; and that
if A. had any contingent interest in C's note taken therefor, it was extin-
guished by the subsequent settlement between A. and B., and C. was, there-
fore, discharged as trustee.

*Held,* also, that B. was entitled to contest the plaintiff's right to charge C. as
A's trustee for this property, as it formed the consideration of the note given
by C. to B., which was then in suit in B's name against C. in another action.

TRUSTEE PROCESS.   Trial by the court at the March Term,
1860,—BARRETT, J., presiding.

The claimant, Carpenter, was cited in by the plaintiff and
appeared as such.

The court found from the evidence that for several years prior
to 1850, the principal debtor, Wm. F. McClure, had been engaged
in business as a merchant at East Randolph, with the claimant,
who furnished the capital as a silent partner ; that in 1849 or
1850, the defendant took upon himself the business, and after
going on for about a year, in order to meet his engagements with
the claimant, he made an assignment of the property in the store
and of the debts due, so that they should be available to repay to
the claimant money had of him, and to indemnify him for the lia-
bilities he was under on account of the former partnership ; that by
the arrangement, he went on with the business with the assigned

property for the purpose of paying and indemnifying the claim-ant, and realizing what profit he could beyond so doing. In a few months it became desirable for the parties to close up and settle with each other. In the meantime the principal debtor had become insolvent, and any property he had in his possession was thought to be exposed to attachment by creditors. He was indebted to one Blodgett in the sum of about one hundred dollars on a note for a horse, and to one Bailey on a note for one hundred and fifty dollars, for personal property not connected with the merchandizing business; on both which notes the claim-ant was liable as surety. He at the same time owned, and had in his possession a horse, wagon, two sleighs, two harnesses, and two buffalo robes, that had not been assigned with the other property as above stated.

By the concurrent understanding of the principal debtor and the claimant, suits were brought on the notes in favor of Blodg-ett and Bailey, and the last named property was attached thereon for the purpose of preventing its attachment by other creditors, and of rendering it ultimately available to indemnify the claimant as surety upon the notes; the property was sold pursuant to the attachments, and bid off by various persons at the instance of the principal debtor and the claimant, and with the understanding that the bids were not to be paid; Blodgett and Bailey taking no part in the proceedings, but relying upon the claimant's respon-sibility for their pay. A short time after this sale, the property went back into the hands of the principal debtor, and was called by him the property of the claimant. A while afterwards it was feared by the principal debtor that this property would be attached on some one of his individual debts, and to prevent such an occurence and still have the property held available for the pur-pose for which the attachment and sale of it had been made, it was, upon the claimant's suggestion, arranged that the claimant should execute a bill of sale of the same to the trustee, Joseph F. McClure, and take to himself the trustee's note for the agreed value thereof to be held by him as the representative of the property, and to be the subject of further disposition and adjust-ment towards the purposes for which the property had been attached and sold as above set forth. Accordingly the trustee

took such bill of sale on the 16th of December, 1850, executed to the claimant his promissory note for one hundred and ninety dollars, and took the property into his possession, and thereafter held, used and appropriated the same to his own purposes.

The debts to Blodgett and Bailey were paid by the principal debtor out of the avails of the property that had been assigned by him as above stated. In February, 1851, the principal debtor and the claimant settled their affairs, and, as a part of the settlement, the former assigned to the latter, among other property, this note for one hundred and ninety dollars, still leaving a balance due to the claimant which is unpaid. The trustee knew of this settlement soon after it was made, and of the transfer of his note to the claimant as a part thereof; and in June following offered to make payment on the note by letting the claimant have the horse which he had taken at the time he gave the note, which the claimant declined to take. Sometime afterwards the claimant made some proposal to the trustee for payment on the note, when the trustee informed him that he had been served with process in this suit. Neither the principal defendant nor the trustee had, at the time of trial, required of the claimant to surrender the note. The note was then in suit in Orange county for collection in the name and behalf of this claimant.

The court did not find any intent on the part of the claimant to defraud the creditors of the principal debtor, either in the attachment and sale of the property for which this note was given, or in the sale of the same to the trustee and the taking of the note ; the only purpose on the claimant's part being to make the property available to the utmost extent, as a means of paying debts on which he was liable, or of indemnifying and reimbursing him for what the principal debtor was, or should be, owing him on account of the matters above set forth.

The disclosure of the trustee, made part of the case, was to the effect that the property in question came into his hands through the bill of sale and the note given therefor above mentioned, but that he understood that the transaction was made merely to keep the property from the creditors of the principal debtor ; that he never claimed it as his own, and never expected to pay anything on the note he gave for it to the claimant ; that

9

he never supposed the claimant pretended to own or have any interest in the property, and he always regarded it as belonging in fact to the principal debtor.

The court being of the opinion that the rights of the claimant in reference to the note of one hundred and ninety dollars, in his suit pending thereon in the Orange county court, would not be concluded or affected by a judgment in this suit in favor of the plaintiff against the trustee, rendered judgment accordingly, to which the claimant excepted.

*Wm. Hebard,* for the claimant.

*C. W. Willard,* for the plaintiff.

PIERPOINT, J. The plaintiff seeks to make the trustee chargeable for a horse, wagon and other personal property named in the exceptions, which the trustee had in his hands and which the plaintiff claims is the property of the principal debtor.

The case shows that the property once belonged to the debtor ; that while he owned it, Walter Carpenter, the claimant, was liable to Blodgett and Bailey as surety for the principal debtor, on notes which he had signed with him to them. To make this properly available as security to Carpenter against this liability, by agreement between the debtor and Carpenter, it was attached upon the Blodgett and Bailey debts, and sold upon execution. The creditors took no interest in the matter, but relied upon Carpenter for their pay ; those who bid off the property were not required to pay for it, but it was permitted to go back into the debtor's possession, and was called Carpenter's property. The effect of this transaction upon the title to the property, it is not necessary for us now to inquire into, inasmuch as the defendant became alarmed lest the property should be attached as his, and for the purpose of rendering it more certainly available as a security to Carpenter, agreed with him that Carpenter should sell the property to the trustee and take his note for it, and hold that as security for the liability he was under to Blodgett and Bailey, which was done, and Carpenter took and now holds the note for the property, and the trustee took the property and held, used and appropriated the sum, to his own purposes."

The Blodgett and Bailey debts were afterwards paid by the principal debtor out of the proceeds of Carpenter's property, and in a subsequent settlement between the claimant and the principal debtor, the former retained this note against the trustee as his own property    Under these circumstances the plaintiff commences his suit and seeks to make the trustee chargeable by reason of his holding the property.

The county court having found that all these transactions were done in good faith, without any intent to defraud creditors, but for the honest and legal purpose of securing Carpenter, it becomes incumbent on the plaintiff in order to sustain his claim, to establish the fact that the title to this property never vested in the trustee, but still remains in-the principal debtor.    The plaintiff does not claim to make the trustee chargeable in consequence of the note he gave to Carpenter, but solely as the holder of the property.

Conceding that up to the time of the transaction that resulted in the sale of the property to the trustee, and the execution of the note to Carpenter, the legal title to the property was in the principal debtor, what was the effect of that transaction as between the parties themselves ?    Carpenter sells the property and takes a note for it to himself, but he does it at the desire and with the consent of the debtor and for the very purpose of securing to Carpenter the proceeds.    Could the debtor thereafter set up any claim to this property ?    Clearly not, neither could any creditor of his acquire any lien upon it by attachment.    The transaction being *bona fide*, it transferred the title to the purchaser, both as against the debtor and his creditors, as perfectly as though the debtor himself had signed the bill of sale.    Under these circumstances it is difficult to see upon what principle it is that the purchaser shall be declared the trustee of the debtor ; he became the absolute owner of the property; and if the debtor could be said to have any contingent interest in the note, that, the case shows, was extinguished long before the service of the trustee process.

But it is asked why should Carpenter object to a judgment against the trustee, inasmuch as he does not object, and such a judgment would not prejudice Carpenter's right to collect the note ?

Is it clear that a judgment against the trustee in this suit, would not prejudice Carpenter's right to collect the note? We have already seen that a judgment against the trustee can be rendered only on the ground, that the debtor is the owner of the property, and that the trustee derived no title by the bill of sale from Carpenter, and of course in such case there would be an entire failure of consideration for the note. Carpenter having been cited in and made a party as claimant, and having come in to assert and maintain his claim, not to the property, but to the proceeds of it, which is substantially the same thing, and to defend the title he conveyed to the trustee, all the parties to, and the facts connected with, the transaction are therefore before us. We are inclined to the opinion that a judgment here that the trustee is liable for that property would be somewhat embarassing to Carpenter, when set up as a defence to that note.

We think, therefore, that justice to all parties requires that the judgment of the county court should be reversed, and judgment rendered that the trustee be discharged without cost, and that the claimant be allowed full cost from the time he was cited in as claimant.

This view of the case renders an examination of the other questions unnecessary.